68,415-08

MOTION DISMISSED
DATE: 2/4/15
BY: ___

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 30 2015

Abel Acosta, Clerk

January 26-2015

Honorable Abel Acosta, Clerk
Court of Criminal Appeals
PO Box 12308, Capital Station
Austin, Tx. 78711

RE: Leonardo Mendoza Quinonez #1383789
WR-68.415-08; Tr. Ct. No. 1042909-C
Files Motion to Reconsider

Mr. Acosta:
    Enclosed find Motion to Reconsider please file and bring it to the attention of the court.

    Applicant asks the Hon. Acosta to furnish any further distribution of this instrument due to His poverty and not having access to a copier.

Thank You Sir For Your Kindness.

Leonardo Quinones #1383789
Coffield Unit
2661 FM 2054
Tennessee Colony, Tx. 75884
Pro se! Applicant

In The Court of Criminal Appeals

of

Texas

Motion To Reconsider

WR-68.415-08

Tr. ct. No. 1042909-C

Leonardo M. Quiñonez #1383789
H. H. Coffield Unit
2661 FM 2054
Tennessee Colony, Tx. 75884

*Leonardo M Quiñonez*

Executed / Signed 01-26-15

II

## List of Parties

The Court of Criminal Appeals
P O Box 12308, Capital station
Austin, Tx. 78711

Hon. Renee Magee
Presiding Judge, 337TH Dist. Crt.
Harris County, Texas

District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Tx. 75884

Leonardo Mendoza Quiñonez
#1383789
Coffield Unit
2661 FM 2054
Tennessee Colony, Tx 75884
Pro se: Applicant

III

# Table of Authorities

Page

## Case Law

Leal v. state, 303 s.w. 3d 292 (Tex. Crim. App. 2009) - - - - - - 3

## United states Constitution (U.S.C.) Amedments (Amed.)

Fifth Amendment - - - - - - - - - - - - - - - - - - - - - - - 3

Fourteenth Amendment - - - - - - - - - - - - - - - - - - - 3

U.S.C. 28 . 2254 - - - - - - - - - - - - - - - - - - - - 1

Vernons Annotated Texas Codes of Criminal Procedure
(T.C.C.P.) Article (Art).
T.C.C.P. Art. - - - - - - - - - - - - - - - - - - - - - - 3

T.C.C.P. Art. (Chapter 64) - - - - - - - - - - - - - 3,4

## Table of Contents

Cover Page - - - - - - - - - - - - - - - - - - - - - - - - I

List of Parties - - - - - - - - - - - - - - - - - - - - - II

Table of Authorities - - - - - - - - - - - - - - - - III

Table of Contents - - - - - - - - - - - - - - - - - IIII

motion to Reconsider - - - - - - - - - - - - 1,2,3,4

Procedural History - - - - - - - - - - - - - - - 1

statment of facts - - - - - - - - - - - - - - - 1,2

Arguments / Authorities - - - - - - - - - - 2,3,4

Prayer - - - - - - - - - - - - - - - - - - - - - - - 4

In The Court of Criminal Appeals of Texas

| Leonardo Mendoza Quiñonez (T.B.C.J. No. 1383789) (Applicant) | In The 337th District |
| --- | --- |
| V. | Court of |
| The State of Texas (Respondent) | Harris County, Texas |

To The Honorable Judge of said Court:

### Motion To Reconsider

Comes Now, Applicant in the above mentioned numbered/styled pleading and will show as follows.

I

Procedural History

1)- Applicant was indicted on 3 counts of agg. sexual assault of a child: case no.'s 1042909; 1042910; 1042911. He entered a plea of not guilty,

2)- and found guilty on the 3 charges / sentenced to 65 years on each to be served consecutively.

3)- Denied relief on appeal 12-20-07 / Habeas relief on 10-10-08.

4)- He filed for DNA testing under Chpter 64 T.C.C.P.

II

Statment of Facts

Applicant was denied relief under Id Chap. 64; filed a Petition for Discretionary Relief; filed a 2254 Habeas under US 28 2254. He incorporates the contents of His Id U.S. 2254 to

page one

this motion to Reconsider see on file Civil Action No. H-12-2563.

The Attorney General of Texas respond to Applicants Habeas Id 2254 sole issue of rebhuttal claim, claimed Applicant had not exhusted state remedies by a Habeas Application under art. 11.07 T.C.C.P. Applicant's Answer/Exception advised the Federal District Court at Houston that a Id chap. 64 was not cognizable by way of a post conviction habeas proceeding. Yet, Applicant would be denied relief due to Applicants failure to exhust state remedies. Applicant has complied with the courts findings.

━━━

Arguments/Authorities

Applicant in his habeas petion directs the court of, swabs, oral swabs taken from Him prior to court. Neither the state or state appointed defense counsel presented such possible exculpatory evidence at trial. Applicant argues there is a need to have the swabs tested for a venereal disease.

The state prosecutor told the jury (no objection from defense counsel) Applicant raped the victum and she aquired an infection (venereal disease) during intercoarse. Applicant requested in His original chapter 64 TCCP for Testing of the swabs to determine if Applicant did in fact have a venereal disease as claimed by the state.

page Two

The prosecutor told the jury (No objection) Applicant rop-
ed the victum. Applicants sole issue is He has been depri-
ved his rights to test the evidence is a violation of the
U.S.C. 5Th/14Th Amendment.

Unaltered evidence is available for testing that identity
is an issue in this pleading. There is greater than a 50%
chance that He would not have been convicted if DNA
testing provided exculpatory results. V.A. TCCP art 64.03;
Leal V. state, 303 s.w. 3d 292 Tex Crim. App. 2009)

T.C.C.P art. 64.01 (biological material)
(a) - biological material is
(1) - an item in possesion of the state that contains inter alia
saliva that may be suitable for forensic DNA testing.
(a-1) - convicted person may submit a motion for testing.
(b)(1) - evidence not previously subjected to DNA testing

A review (De Novo) of the entire records will in-
dicate Applicant Id chap.64 motion is in compliance to
chapter 64 T.C.C.P. for testing of biological material.

The Attorney General of Texas used that Applicant fail-
ed to exhust state remedies (Id Habeas 11.07). Therefore,
denied relief on His Id 2254. Now, The C.C.A claims
He is not entitled to relief due to it not being cogni-
zable in an Id 11.07 states Original Answer / States
Proposed Findings of Fact. Conclusions of Law, And
order. Being endorsed by the Court of Criminal Ap-

page Three

peals of Texas on 01-14-15 denied with out written order.

Why is Applicant being denied relief if He has met all crateria to have the biological material in possesion of the state Coral swabs I tested. Also, Has complied with Federal / state Courts findings and conclution of Law.

## Prayer

Applicant asks for relief, and be allowed to have the oral swabs tested for Venereal infection a the Prosecutor has claimed He had. Under Chapter 64 T.C. C.P.

Respectfully Submitted

Leonardo Mendoza Quiñonez
#1383789
CO Unit
2661 FM 2054
Tennessee Colony, Tx. 75884
pro se: Applicant

Executed / signed on January 26-2015